UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BEATRIZ H.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. 3:23-cv-05915-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

## I.   ISSUES FOR REVIEW

1. Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony
2. Whether the ALJ Erred by Failing to Evaluate Lay Witness Testimony

## II.   BACKGROUND

Plaintiff filed an application for DIB in November 2020, alleging an onset date of October 31, 2019. AR 134, 143. Plaintiff's application was denied initially and on reconsideration. AR 142, 150. Administrative Law Judge ("ALJ") Allen Erickson held a

1

hearing on August 18, 2022 (AR 79–132) and issued a decision on August 30, 2022, finding plaintiff not disabled from her alleged onset date to her date last insured of June 30, 2021. AR 59–78. Plaintiff now seeks judicial review of the ALJ's decision.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

A. <u>Whether the ALJ Properly Evaluated Plaintiff's Subjective Symptom Testimony</u>

When assessing a claimant's residual functional capacity ("RFC"), "the ALJ must consider all relevant evidence in the record," including the claimant's testimony about the effects of symptoms "'reasonably attributed to a medically determinable impairment.'" *See Robbins v. Soc. Sec. Admin*., 466 F.3d 880, 883 (9th Cir. 2006) (quoting Social Security Ruling ("SSR") 96-8P at *5). The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. § 404.1529(b). Symptoms alone "will not be found to affect [a claimant's] ability to do basic work

activities unless medical signs or laboratory findings show that a medically determinable impairment is present." 20 C.F.R. § 404.1529(b). Medical signs and laboratory findings are established by medically acceptable clinical or laboratory diagnostic techniques. *Id*. If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014))*.* If, however, "medical signs and laboratory findings do not substantiate any medically determinable impairment capable of producing the individual's alleged symptoms, the ALJ need not evaluate the individual's symptoms at step two" of this two-step analysis. *See* SSR 16-3P at *4.

In this case, the ALJ determined plaintiff has only the severe medically determinable impairment of anemia. AR 64. Plaintiff does not assign error to the ALJ's evaluation of her testimony relating to her anemia, but contends the ALJ erred by failing to consider her pain testimony relating to her interstitial cystitis, pelvic floor dysfunction, and pelvic congestion syndrome, such as her abdominal and bladder pain. *See* Dkt. 7 at 3–6.

However, the ALJ reasonably considered plaintiff's symptom testimony relating to her anemia, but not discussing other testimony regarding symptoms such as pain from other conditions, because anemia is her only medically determinable impairment. *See* SSR 16-3P at *4; AR 64, 68. Plaintiff makes no substantive challenge to this finding, stating only that "the ALJ erred in his consideration of her pelvic floor dysfunction and mental impairments at Step Two and beyond"; yet plaintiff points to no meaningful evidence to support her assertion. *See* Dkt. 7 at 1; 10 at 1. It is the claimant who has

the burden of showing a medically determinable impairment. *Bowen v. Yuckert*, 482 U.S. 137, 138, (1987). Yet plaintiff's citations simply show her own reports of pain and improvement in her condition, not medical signs or laboratory findings clearly stating the diagnoses of these conditions. *See* Dkt. 7 at 3 (citing AR 350–51, 355, 357, 371–72, 376, 435–36, 439, 442, 476, 780). The Court also notes there did not seem to be any citations discussing pelvic floor dysfunction.

In contrast, the ALJ's finding is supported by the record; the medical record shows no definitive diagnoses of interstitial cystitis, pelvic floor dysfunction, or pelvic congestion syndrome. AR 68 (citing AR 436–39, 649, 687–92, 951 [treatment notes stating plaintiff's ultrasound was consistent with pelvic congestion syndrome but also stating it cannot be definitively diagnosed]); AR 436, 442, 486–87, 647, 691, 780, 785 [observations of "possible interstitial cystitis" but also statements about how plaintiff's symptoms were atypical and not definitive of interstitial cystitis]).

Plaintiff also argues that though the ALJ did not find her interstitial cystitis, pelvic floor dysfunction, and pelvic congestion syndrome, medically determinable, the ALJ nonetheless decided to consider symptoms relating to these conditions -- but did not actually do so. Dkt. 7 at 3–4. Plaintiff specifically points to the ALJ's discussion at step two where the ALJ stated the following: "[T]he medical record shows the urology/urogynecology doctors did not actually diagnose [interstitial cystitis, pelvic floor dysfunction, and pelvic congestion syndrome]. Accordingly, the undersigned finds these impairments are not medically determinable impairments. However, her symptoms have been fully considered in evaluating her medically determinable impairments to the extent that they can be attributed to them." AR 68.

According to plaintiff, the last sentence of the ALJ's explanation indicates the ALJ intended to evaluate her symptom testimony related to her interstitial cystitis, pelvic floor dysfunction, and pelvic congestion syndrome. Dkt. 7 at 3–4. But the decision, in context, shows the ALJ was explaining that the symptoms related to those conditions were considered *before* ultimately declining to find them as medically determinable impairments. *See* AR 68.

In assessing a claimant's RFC, the ALJ must consider a claimant's symptoms and limitations. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). However, "[t]he RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments." SSR 96-8P at *1. That the ALJ did not evaluate plaintiff's testimony relating to her interstitial cystitis, pelvic floor dysfunction, and pelvic congestion syndrome, was permissible given the ALJ's determination that they are not medically determinable impairments. The Court finds no error with the ALJ's evaluation of her testimony.

B. <u>Whether the ALJ Erred by Failing to Evaluate Lay Witness Testimony</u>

Plaintiff contends the ALJ erred by disregarding the function reports provided by her spouse. Dkt. 7 at 6–8.

Under the revised regulations, ALJs are "not required to articulate" how they evaluate evidence from nonmedical sources using the same factors applicable to medical opinion evidence. 20 C.F.R. § 404.1520c(d). But the Ninth Circuit has also yet to address whether under the 2017 regulations, an ALJ is still required to provide germane reasons for discounting lay witnesses. *Stephens v. Kijakazi*, No. 22-35998,

2023 WL 6937296, at *2 (9th Cir. Oct. 20, 2023). At the same time, if lay witness testimony is similar to the claimant's testimony, and the ALJ provided valid reasons for rejecting the claimant's testimony, the ALJ's disregard of lay witness testimony is harmless because the ALJ's reasons for discounting claimant's testimony apply equally to the lay witness testimony. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Here, plaintiff testified to depression, brain fog, extreme fatigue, and pain and discomfort in her urethra and bladder, exaggerated by standing and walking. AR 98, 101–02. In discounting plaintiff's testimony about her anemia-related fatigue, the ALJ noted its inconsistency with the objective medical evidence and her conservative treatment, both of which are valid reasons. *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.")); AR 69–70. Evidence cited by the ALJ includes normal physical examinations, notations of improvement from medication, and reports of plaintiff denying fatigue. AR 458–59, 599, 683–84, 840, 928, 1019, 1023.

In discounting plaintiff's testimony concerning her mental health, the ALJ explained her treatment records post-date the relevant period. AR 70. While treatment records provided after a claimant's date late insured are "only marginally relevant," *Dale v. Colvin*, 823 F.3d 941, 944 (9th Cir. 2016), they "should not be disregarded solely on

that basis" because medical records are inherently retrospective. *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988). However, the ALJ also noted the inconsistency between plaintiff's testimony and her record which shows "few psychological symptoms." AR 70. A claimant's inconsistent statements regarding her symptoms is a valid reason to discount the claimant's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The evidence cited by the ALJ includes normal psychological findings and reports of plaintiff denying mental health symptoms. *See* AR 458–59, 599, 662.

The reports provided by plaintiff's husband are substantially similar to plaintiff's testimony—he described her fatigue, bladder or stomach pain, brain fog, anxiety, and inability to stand too long without needing to rest. AR 358, 381. As stated in the previous section, plaintiff does not challenge the ALJ's reasons for discounting her anemia- or mental health-related testimony, and cites no records to undermine the ALJ's findings. Dkt. 7 at 3–6. The Court, therefore, declines to disturb the ALJ's assessment of plaintiff's testimony. *See Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)) (noting that a court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief). And because plaintiff's testimony and her husband's statements are substantially similar, the ALJ's unchallenged reasons for discounting plaintiff's testimony apply equally to her husband's reports. *Valentine*, 574 F.3d at 694.

Regarding the statements provided by both plaintiff and her husband concerning pain and discomfort in her urethra and bladder, as discussed above, the ALJ was not

required to consider them given they were related to conditions that are not medically determinable impairments. SSR 16-3P at *4. Accordingly, in disregarding lay witness testimony, the ALJ did not harmfully err.

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ's decision is supported by substantial evidence and the ALJ did not commit harmful error. Therefore, the ALJ's decision is affirmed.

Dated this 29th day of April, 2024.

Theresa L. Fricke
United States Magistrate Judge